## GROSVENOR *vs.* DAY and others.

When a mortgagor has given a bond accompanying his mortgage, for
the payment of the money, secured by the mortgage in installments
and after the first installment became due, the mortgagee obtained
a judgment at law for the whole penalty of the bond, and issued his
execution for the collection of the first installment, which was return-
ed unsatisfied, but afterwards paid; the mortgagee cannot, under
the statutes of this State, advertise the mortgaged premises for sale,
to collect the second installment, under the power contained in the
mortgage, without first issuing an execution at law for the collection
of such second installment.

Neither can such mortgagee file a bill in the Court of Chancery, under
such circumstances, to foreclose such mortgage for such second in-
stallment, without first isssuing an execution at law upon his judg-
ment to collect such second installment.

And if a decree is obtained by default upon such a bill, a rehearing
will be allowed in favor of any defendant who has a right to ask
for it.

THIS was a motion for a rehearing under the fol-
lowing state of facts. The defendant David M. Day

Oct. 1839.

Grosvenor
v
Day and
others.

had executed a mortgage to the complainant, payable at a future time with annual interest; when the first installment of interest became due, the complainant sued Day at law upon the bond, recovered a judgment for the penalty, and issued an execution, for the collection of the interest due, with an endorsment thereon, not to sell the mortgaged premises. The execution was returned *nulla bona*, but the amount of interests and costs directed to be levied, was afterwards paid by a third person. When the next installment of interest became due, the complainant advertised the mortgaged premises for sale, under the power of sale contained in the mortgage, and they were struck off to the defendant Maltby, for the amount of interest and costs of sale, but expressly subject to the complainants right to collect the balance of the mortgage money due to him. When subsequent payments became due, the complainant filed this bill for its foreclosure setting forth in the bill the above facts, but not stating that any other execution had been issued upon the judgment at law, making the defendants, Day, Maltby, and subsequent incumbrancers, parties defendants. A decree was obtained upon the bill being taken *pro confesso*, for the sale of the mortgaged premises. The defendant Maltby, now moves for a rehearing.

*John L. Talcott*, for complainant.

*Love & Cooper*, for defendant Maltby.

THE VICE CHANCELLOR. The complainant in attempting to sell by advertisement under the power of sale, reserving to himself the lien of the installments which should thereafter become due, has adopted an erroneous practice. If any thing passed *to*

the defendant Maltby, by the deed executed under such power; there is much reason to believe that the fee of the whole premises sold, passed, but that is not a question presented and need not be discussed or decided.  The circumstances of the sale, are such that no title passed by this sale to the defendant Maltby.    It will be recollected that the sale was made under the power of sale, after the complainant had obtained a judgment against the defendant Day, the mortgage debtor, for the whole amount of money secured by the bond.    The statute in relation to the foreclosure of mortgages, by advertisement, prescribes the following requisites: 2 Rev. Stat. old Ed. page 545, Sec. 2.

1. That some default in a condition of such mortgage, shall have occurred by which the power to sell became operative.

2. That no suit or proceeding shall have been instituted at law, to recover the debt *then* remaining secured by such mortgage, or any part thereof; or if any suit or proceeding has been instituted that the same has been discontinued, or that an execution upon the judgment rendered thereon has been returned, unsatisfied in whole or in part.

In this case a suit had been instituted to recover the debt *then* remaining secured by such mortgage, and judgment recovered.

It is true an execution had been issued for the collection of a previous installment of interest, and was returned unsatisfied.    But the amount of this execution as required to be collected thereby, was subsequently paid.    Another installment of interest, subsequently became due, and for which there was then a judgment at law.

It was a part of the debt *then* remaining secured by the mortgage, and no execution had been issued to collect it. It seems to me that for this debt, there being a judgment at law, for which there had been issued no execution, it was incompetent for the complainant to foreclose by advertisement, an execution had been issued previously for a previous installment, but none had been issued to collect this installment, which, and a return thereto unsatisfied, were a necessary prerequisite, to a sale under the power.

Consequently Maltby took no title under this sale, but it doubtless amounted to an assignment of so much of the mortgage debt, so that he was interested in the question, and can properly come in and make this motion.

The most important question however is whether the complainant was regular in filing this bill, without first issuing an execution upon his judgment at law, for the installments for which the bill was filed, and having the same returned unsatisfied. The statute declares, (2 Rev. Statutes, old Ed. p. 192, sec. 156,) that if it appear that any judgment has been obtained at law, for the *moneys demanded by such bill*, or any part thereof, no proceedings shall be had in Chancery, unless an execution against the property of the defendant in such judgment shall have been returned unsatisfied, &c. In this case it appears that there is a judgment at law, for the *moneys demanded by the bill*, inasmuch as the judgment is for the whole penalty of the bond. Though an execution has been issued for a previous installment and returned unsatisfied, yet no execution has been issued to collect the *moneys demanded by the bill in this cause.*

The fair construction of the 156 section, and the whole spirit and scope of the statute seem to me clearly to point out the necessity of endeavoring to collect the money, upon such judgment, before filing a bill in this court to foreclose the mortgage. The statute is evidently intended to discourage an accumulation of expensive remedies and is framed to confine a creditor to a single remedy, if effective to prevent the useless accumulation of costs. It is not sufficient to say that one execution had been returned unsatisfied upon this judgment, and that there could be no reasonable hope of obtaining any thing by issuing another; opposed to this is the fact that the amount directed to be levied by the first execution was subsequently paid, which leaves a reasonable probability, at least, that something might thereafter be collected. It is enough however that the spirit of the statute seems to direct that an attempt should be made to collect by execution, *the moneys demanded by the bill*, before a bill can be filed, and as this is a statutory provision I have no alternative but to allow a rehearing.